(C. D. 135)

ABERCROMBIE & FITCH CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 27, 1939)

*Lane & Wallace* (*Samuel Isenschmid* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges; TILSON, J., not participating

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of timepieces. Duty was levied thereon at the rate of $3.25 each plus 65 per centum ad valorem under paragraph 368 of the Tariff Act of 1930. It is claimed that said articles are properly

dutiable under paragraph 367 of said act as follows: the movements at the rate of $2.25 each and the cases at 20 cents each plus 45 per centum ad valorem.

The case was submitted on the following stipulation:

It is stipulated and agreed between counsel, in the matter of the above protest, subject to the approval of the court, as follows:

1. That the timepiece submitted herewith and marked "Exhibit 1" is a sample of the timepieces invoiced as

36 Watch Movements, 19 lines, w/ dial.
36 Cases chromed.

being the only merchandise on the invoice, and that said sample may be received in evidence as such.

2. That the movements have only 7 jewels, are unadjusted, and are constructed and designed to operate for a period in excess of forty-seven hours without rewinding.

3. That the cases are made of base metal, and do not contain gold, silver, or platinum, and are not set with precious, semiprecious, or imitation precious, or imitation semiprecious stones, or prepared for the setting of such stones, and are not enameled.

4. That the form or shape of the pillar or bottom plate of said movements, which is the plate directly under the dial of said Exhibit 1, is as indicated below—

(a) That no part of said movements extends beyond the two straight sides or edges of said pillar or bottom plate (marked B and B on the above diagram), and that only the winding stem of the movements extends beyond the curved sides or edges of said pillar or bottom plate (marked A and A on said diagram) at the top thereof.

(b) That the surface dimension through the center of said pillar or bottom plate, measured from any point on one of the curved sides or edges thereof to any point on the other (marked A and A on said diagram), not including the winding stem, or any part thereof, or the shoulder on said plate, is more than one and seventy-seven one-hundredths inches.

(c) That the shortest surface dimension through the center of said pillar or bottom plate, measured from one straight side or edge thereof to the other (marked B and B on said diagram) is less than one and seventy-seven one-hundredths

inches, but more than one and one-half inches. (The straight sides or edges of the pillar or bottom plate do not have shoulders.)

5. That the sole issue involved in this case is whether, in ascertaining the width of said movements under subparagraph (h) of paragraph 367, tariff act of 1930, said pillar or bottom plate should be measured as described in subparagraph 4 (b) hereof, or as described in subparagraph 4 (c) hereof.

6. That, if the proper method of measuring said pillar or bottom plate is as described in said subparagraph 4 (b) hereof, the timepieces are properly dutiable at $3.25 each plus 65% ad valorem under paragraph 368 of said act, as assessed by the collector.

7. That, if the proper method of measuring said pillar or bottom plate is as described in said subparagraph 4 (c) hereof, the timepieces are properly dutiable under paragraph 367 of said act as follows: the *movements* at the base rate of $1.25 each under paragraph (a) (1) thereof, being the base rate applicable to movements more than one and one-half inches wide but not more than one and seventy-seven one-hundredths inches wide, plus $1. each under paragraph (a) (5) thereof because they are constructed and designed to operate for a period in excess of forty-seven hours without rewinding, or a total of $2.25 each; and the *cases* at 20 cents each plus 45% ad valorem under paragraph (f) (4) thereof, as claimed in the protest.

8. That the protest may be deemed to be submitted for decision upon this stipulation and said Exhibit 1, and that the plaintiff may have one month after submission to file a brief, and the defendant may have one month thereafter to file its brief.

The right to amend the protest is hereby waived.

The sole issue involved in the case is the proper method of ascertaining the *width* of the movements in the timepieces in question under the following subparagraph of said paragraph 367:

(h) For the purposes of this paragraph the width of any movement, mechanism, device, or instrument, shall be the *shortest surface dimension through the center of the pillar or bottom plate, or its equivalent,* not including in the measurement any portion not essential to the functioning of the movement, mechanism, device, or instrument. [Italics ours.]

In *United States* v. *Invicta Seeland, Inc.,* 25 C. C. P. A. 300, T. D. 49397, the appellate court held, as stated in the syllabus:

6. WATCH MOVEMENTS—PILLAR PLATES—MEASUREMENT.

*Held* that in measuring watch movements under the provisions of paragraph 367 (h), *only the pillar or bottom plate should be measured,* and only so much thereof as is essential to the functioning of the movement, regardless of the case in which it is to be placed; that is to say, only so much thereof as is reasonably necessary for the attachment thereto of the other parts of the movement which are normally attached to the pillar plate. This excludes from such measurement the length of the stem, which is no part of the pillar plate, and the width of the shoulders which are necessary only for the encasing of the movement. [Italics ours.]

In other words, the court construed said subparagraph (h) as though it read as follows:

(h) For the purposes of this paragraph the width of any movement, mechanism, device, or instrument, shall be the shortest surface dimension through the center of the pillar or bottom plate, or its equivalent, not including in the measurement *of said plate* any portion *thereof* not essential to the functioning of the movement, mechanism, device, or instrument. [Italicized words supplied by the court.]

and then said:

Had the above italicized words, "of said plate" and "thereof," been actually contained in the paragraph, we do not think any claim could be made *that anything other than the pillar plate is to be measured in determining the width of a watch movement.* [Italics ours.]

Applying the appellate court's construction of said subparagraph (h)—that for the purpose of ascertaining the width of a movement "only the pillar or bottom plate should be measured"—to the case at bar, it would seem to follow without extended argument that the surface dimension through the *center* of the pillar or bottom plate of the movements in question, measured from one straight side or edge thereof to the other straight side or edge (marked B and B on the above diagram) is the proper measurement to be taken, because said subparagraph (h) provides that the width of a movement "shall be the *shortest* surface dimension through the center of the pillar or bottom plate." There seems to be no escape from that obvious conclusion, and, under paragraph 4 (c) of the above-quoted stipulation herein, that shortest surface dimension is less than one and seventy-seven one-hundredths inches, but more than one and one-half inches wide.

On the agreed facts and the law applicable thereto we hold that the involved timepieces are properly dutiable under said paragraph 367 as follows:

(1) The *movements* at the base rate of $1.25 each under subparagraph (a) (1) thereof, that being the base rate applicable to movements more than one and one-half inches wide but not more than one and seventy-seven one-hundredths inches wide, plus $1 each under subparagraph (a) (5) thereof, because said movements are constructed and designed to operate for a period in excess of forty-seven hours without rewinding; or a total of $2.25 each.

(2) The *cases*, at the rate of 20 cents each plus 45 per centum ad valorem under subparagraph (f) (4) of said paragraph 367, as cases of the kind therein made dutiable at those rates.

Those claims of the plaintiff are therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.